MAURICE SMILEY, Plaintiff, *v.* HAYAT CARPET CLEANING Co., INC., and Another, Defendants.

Municipal Court of New York, Borough of Brooklyn, Seventh District, December 8, 1932.

*Richards, Smyth & McGrath* [*John P. McGrath* of counsel], for the plaintiff.

*Joseph S. Robinson*, for Hayat Carpet Cleaning Co., Inc.

*Bigham, Englar, Jones & Houston* [*John L. Quinlan* of counsel], for Northern Assurance Company, Limited, of London.

JOHNSON, FRANK E., J. The plaintiff has apparently followed the provisions of the Civil Practice Act relative to obtaining a preference under subdivision 20 of section 138. An application is now made for the preference as thus demanded. It is true that there is nothing in the revised rules of the Municipal Court relative to preferences under circumstances such as subdivision 20 covers, but it is probably sound to argue that section 15 of the Municipal Court Code incorporates section 138 into our practice, and that, if one follows the Civil Practice Act provisions, one may make a motion of this kind under subdivision 20 of that section.

It might, of course, be also that in any event an application for a preference in this court on special circumstances might be entertained, regardless of the Civil Practice Act, and regardless of the limitations that may seem to exist in our revised rules. I take it, therefore, that there is no question of procedure that is substantial before considering the merits of the motion.

All the papers on the motion taken together show that there is pending a suit by the Hayat Company against the Northern Company which has been transferred to the Federal court wherein the Hayat Company sues for the total amount of the loss resulting from the robbery, and that although in form it is not a representative action, and there is no allegation that the Hayat Company is suing on behalf of or as agent for any of those who suffered loss, it might well be said that they are trustees of the moneys collected, and that those who suffered the loss would be entitled to have at least their *pro rata* share of the recovery that the Hayat Company might get in that action.

In this present action the Hayat Company has cross-claimed against the codefendant Northern Company, and, regardless of whether it is splitting a cause of action by trying to stay within the jurisdictional limits of this court, it looks very much as if they were setting up in this action the claim that they were pressing in the other action, and to that extent we may never, of course, be able to try that cross-claim. I am going to ignore, therefore, the question of the controversy between the codefendants in this action,

because, even if it can be tried out, it must not affect the progress of the plaintiff's claim under the Civil Practice Act section that so provides. If the action now pending with the Hayat Company as plaintiff is not in form one on behalf of Mrs. Wein, then there is no technical barrier to a separate suit against the Hayat in this court by her or her nominee. I think, therefore, the Hayat suit against the Northern is not a barrier to the maintenance of this suit.

It appears from these papers that the legal title to the cause of action that Mrs. Wein had when her goods were stolen has become the legal property of Mr. Smiley, and, since we are presumed to know the officers of this court, I take judicial notice of the fact that Maurice Smiley is a member of our bar. Mrs. Wein's affidavit warrants the inference that, despite Mr. Smiley's acquisition of the legal cause of action, he is suing on her behalf. It is quite evident from all these papers that in substance it is her lawsuit, although technically and in form she is not in it. Mr. Smiley, the plaintiff, in submitting her affidavit, impliedly agrees that all that she says is true, and is no doubt estopped to ever question that it is for her benefit that he is prosecuting this lawsuit, and so, despite the form of it and despite the fact that she has no legal title and is not strictly a party to it, and is not, technically speaking, the real party in interest in the sense that she could bring the suit at present, she is the beneficiary of it in fact, and the hardship of the delay is a hardship on her in reality. If in substance and in its beneficial aspect it is her lawsuit despite the fact that it is duly put into the hands of her agent and sued upon by him in his own name, then the special circumstances are just as applicable in this suit as they would be if she had brought it in her own name and never transferred the legal title to him to have him sue for her. She seems not to be a non-resident, and, therefore, there ought to be no prejudice against her.

I think, therefore, that under the circumstances it is no technical barrier to considering the Smiley application under subdivision 20 merely because the beneficial purposes of the action are not for him. Now the set of facts presented, assuming them to be viewed as if they were presented on behalf of Mrs. Wein and she were the formal plaintiff, disclose a substantial deprivation of necessarily usable household articles. We probably ought to take judicial notice of the fact that, if one who has lost a considerable amount of house furnishings has not replaced them because she is hoping to get her money from the warehouse or the insurance company, it is no criticism not to have spent the money in these relatively unusual times. The outlay to replace stolen household articles

of this character would be a hardship to any but the most prosperous person in these days, and it hardly can be any criticism that one has not bought duplicate articles but is waiting now for the money wherewith to do so. I think it is a fair inference from the affidavit here presented that the financial barrier standing between Mrs. Wein and the acquisition of duplicate rugs is a matter of necessity and not choice, and it is equivalent to saying that she cannot refurnish her house until she gets the money wherewith to do so. Pending that day, her deprivation of them, I think, amounts to a hardship of which notice should be taken.

Prior to the beginning of this suit, the suit brought by the Hayat Company against the insurance company should have been sufficient to have tried out the entire issue, and every person who had suffered loss in this matter probably could and should have waited until that issue was tried, but, since that suit has gotten out of the State court and into a court where the trial cannot be expedited and the calendar is apparently quite far behind, the hardship incident to the delay has been created by the act of the insurance company in taking the Hayat suit out from the tribunal before which it might have been expeditiously tried and moving it into a Federal tribunal where the trial is postponed for a long time. I think, therefore, the necessities of the situation in so far as they affect Mrs. Wein have been accentuated by the transfer, and the pain of the delay in getting the money to re-establish the home has been lengthened by the transfer of that suit to a place where the trial is far distant. I think that is one of the reasons why the insurance company, which is one of the parties to the present suit, is not entitled to urge much against the trying of this suit, since they are the authors of the situation which postpones an adjudication.

This suit, of course, is obviously one that only the most extraordinary jury could comprehend and dispose of. I am going to require the plaintiff to settle an order on notice and on the return day of the settled order counsel for the insurance company will have been able to make up his mind certainly whether or not his client will consent to waive a jury. Counsel will, therefore, give me an order settled on three days' notice granting the motion to move the case forward, and, if on the return day of the order all the parties agree to waive the jury, I will fix a non-jury day. If either side feels that the jury ought to remain, I will fix a jury day.